IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-10-00249-CV

 

In
re Roy Edward Addicks, Jr.

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

Relator Roy Addicks, Jr. has filed a
petition for writ of mandamus complaining that Respondent, the Honorable Donald
L. Kraemer, Judge of the Twelfth District Court of Walker County, has refused
to direct Robyn Flowers, the District Clerk of Walker County, to file and
forward Addicks’s notice of restricted appeal to us.[1]
 Addicks allegedly tendered his notice of restricted appeal to the District
Clerk for filing on August 25, 2009, in Cause No. 23,962, styled Gordon Simmonds
v. Charles T. O’Reilly, et al., filed in the Twelfth District Court.[2]

A review of our records indicates that
Simmonds appealed Cause No. 23,962 to this court in 2009 and it was docketed as
No. 10-09-00097-CV, but pursuant to a Texas Supreme Court order, the appeal was
transferred to the Fourteenth District Court of Appeals in Houston on April 8,
2009.[3] 
The Houston court of appeals dismissed that appeal for want of jurisdiction
(without prejudice to filing a new appeal after a final judgment was signed)
because the judgment was not final and appealable.  Simmonds v. O’Reilly,
No. 14-09-00337-CV, 2010 WL 2517976 (Tex. App.—Houston [14th Dist.] June 24,
2010, no pet.) (mem. op.).  For that reason, Addicks’s request for mandamus
relief is moot, as the trial court has jurisdiction of the underlying case and
there was no final judgment for Addicks to appeal.  We thus deny his petition,
and all pending motions are dismissed as moot.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Petition
denied; all pending motions dismissed as moot

Opinion
delivered and filed November 24, 2010

[OT06]









[1] Typically, a mandamus proceeding to
compel the filing or forwarding of a notice of appeal is brought against the
trial court clerk rather than the trial court judge.  See, e.g., In re
Mullins, No. 10-09-00143-CV, 2009 WL 2959716 (Tex. App.—Waco Sept. 16,
2009, no pet.) (mem. op.); In re Smith, 270 S.W.3d 783 (Tex. App.—Waco
2008, orig. proceeding).  “Mandamus relief is appropriate when a trial court
clerk fails to file and forward a notice of appeal to the appropriate court of
appeals.”  Smith, 270 S.W.3d at 785 & n.2.





[2] Addicks states that he filed a motion
to join (or intervene) in the trial court in Simmonds’s lawsuit.

 





[3] In a motion filed with us, Addicks
states that he forwarded a copy of his restricted notice of appeal to us on or
about August 25, 2009, but by that time, the appeal of Cause No. 23,962 had
been transferred to the Houston court, which possesses the file for the appeal. 
Our clerk would have forwarded anything sent by Addicks to the Houston court. 
That court’s website reflects the filing of several “amended notices of appeal”
after the appeal was transferred, but we cannot ascertain whether any of them
might be Addicks’s restricted notice of appeal.  Finally, in an April 12, 2010
letter, we advised Addicks that the appeal had been transferred to Houston and
that we were forwarding a letter from him to Robyn Flowers to that court.